UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

R.D.D. (XXX-XX-7908)                              CIVIL ACTION NO. 10-cv-1827

VERSUS                                            JUDGE STAGG

U.S. COMMISSIONER SOCIAL                          MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

**Introduction**

Plaintiff was born in 1968, quit school after the ninth grade, and has many years of experience as a painter. He applied for disability benefits with an asserted onset date of April 30, 2008. His principal health problem is pain in his feet and ankles.

ALJ Romona Scales held a hearing and issued a written decision. She found that Plaintiff could perform a limited range of sedentary work. A vocational expert ("VE") testified that there were jobs available that Plaintiff could perform given that ability and his other vocational factors. Based on that testimony, the ALJ found that Plaintiff was not disabled. The Appeals Council denied a request for review, and Plaintiff filed this civil action to seek judicial review. For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Summary of the ALJ's Decision**

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there are jobs that exist in significant numbers that the claimant can perform. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

The ALJ found that Plaintiff had not engaged in substantial gainful activity (step one) since his alleged onset date. He found that Plaintiff had bilateral calcaneal fracture, an impairment that is severe (step two) within the meaning of the regulations, but not so severe as to meet or equal a listed impairment (step three) that would result in a finding of disabled without regard to other vocational factors. Tr. 11.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC"). She found that Plaintiff could perform the least demanding category of work, sedentary work, except he can sit for no more than six hours per workday; he can stand and/or walk for a total of two hours per workday; he must use an assistive device (cane) for ambulation; and he can only

occasionally climb stairs and ramps, but not ladders, ropes, or scaffolds. He is also limited to being able to only occasionally balance, stoop, kneel, crouch, and crawl. Tr. 12.

Plaintiff's past relevant work was as a painter, which is classified as medium work, so the ALJ found at step four that Plaintiff could not perform his past relevant work. She then turned to step five, which asks whether the claimant is capable of performing the demands of other jobs that exist in significant numbers in the economy. A VE testified that a person with Plaintiff's RFC and other characteristics could perform the requirements of a job such as document preparer (143,658 jobs available nationally; 1,757 in Louisiana). Based on that testimony, the ALJ found that Plaintiff was not disabled. Tr. 14-15.

**Issues on Appeal**

Plaintiff identifies three issues on appeal: (1) the ALJ did not list arthritis as a step-two severe impairment; (2) the ALJ erred in assessing Plaintiff's credibility about the limiting effects of his symptoms; and (3) the ALJ erred in determining Plaintiff's RFC.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there

are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The medical evidence showed that Plaintiff had surgery on the right calcaneal (part of the foot) in September 2008. Dr. Stephen Cox, the treating physician, projected that even if the left foot was operated on as well Plaintiff should be fully healed by the middle of May or early June 2009. Dr. Cox estimated that, depending on the results of the surgeries, Plaintiff might be able to return to his previous employment, or he could be severely limited, especially with regard to the ability to climb. Tr. 195. By early January 2009, Plaintiff reported that he was walking occasionally with a cane. He had pain on the left, but his right side was about 75% better. Tr. 213. Plaintiff had surgery on the left calcaneal later that month. Tr. 215-17.

By March 2009, about two months after the second surgery, Plaintiff was "doing good, ready to start full weight bearing." The report stated: "He really has no pain, really doing fairly well." It also said that Plaintiff "is able to do regular activities." Range of motion was full, and muscle strength was 5/5. Tr. 220. Plaintiff reported in April 2009 that he still had some pain though was "overall doing much better." Tr. 222. Plaintiff reported in June 2009 that his right foot was doing better than the left, and he was having some aching and discomfort at a pain scale of about 4 to 5. Plaintiff was using a cane occasionally. Tr. 224. Plaintiff was again "doing well" and "increasing his activities" and "able to conduct some regular activities" by September 2009. Tr. 226. The next month, October 2009,

Plaintiff reported having some continued pain at 8 on a 10 scale. Plaintiff was prescribed medication, and a CT scan was ordered to help in consideration of whether to remove some hardware. Tr. 228-29.

A. Edward Dean, M.D., a state agency medical consultant, reviewed the medical records in November 2008 and issued a written report. He made findings with regard to Plaintiff's ability to lift, walk, sit, and the like consistent with the ability to perform sedentary work. Tr. 187-94. Dr. Dean noted in his report that the impression was post-traumatic arthrosis of bilateral subtalar joints. Tr. 188. Plaintiff points to this and other references to arthrosis and argues that the ALJ should have found it to be a separate severe impairment at step two.

It appears the fractures and arthrosis go hand in hand in this case and relate to the same foot problems. The ALJ found that Plaintiff's foot problems caused him to be very limited in his ability to perform work activities. Merely having one or more severe impairments simply gets past step two. The claimant is not disabled unless those impairments give rise to limitations that make it so the claimant cannot work. See Webb v. Astrue, 2010 WL 1644898, *9 (N.D. Tex. 2010). Plaintiff has not identified any additional impairment or limitation that would affect the RFC if step two also included a finding that arthritis was a separate, severe impairment. This argument is at best a procedural flaw, and Plaintiff has not explained how it affected his substantial rights. Judicial relief is not required in these circumstances. Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir.1988) ( "Procedural perfection in administrative proceedings is not required."); and Morris v. Bowen, 864 F.2d

333, 335-36 (5th Cir.1988) (applying harmless error standard in social security case). See also Palomo v. Barnhart, 154 Fed.Appx. 426, n. 13 (5th Cir. 2005).

Plaintiff next complains about the ALJ's assessment of Plaintiff's credibility. His principal arguments are that the ALJ's assessment was (1) conclusory and (2) inconsistent with an observation by Dr. Dean (Tr. 192) that Plaintiff's statements regarding his then current level of limitation appeared to be proportionate to what was expected based on the medical evidence.

Dr. Dean wrote in his report that Plaintiff's statements were "considered credible currently but he is expected to improve within 12 months of onset." Tr. 192. The ALJ is not bound by the credibility assessment of a non-examining physician, particularly when the assessment is qualified as it was in this case. The ALJ had the benefit of seeing Plaintiff testify and reviewing the entire record at a later date. An ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on her first-hand observation of the claimant, are particularly within her province and entitled to judicial deference. Johnson v. Bowen, 864 F.2d 340, 347 (5th Cir. 1988); Falco v. Shalala, 27 F.3d 160, 164 (5th Cir. 1994).

The ALJ's assessment was not conclusory. She noted that Plaintiff testified to very limited daily living activities, with an inability to perform any household chores, shop, or drive. The ALJ said two factors weighed against considering that testimony to be strong evidence in favor of Plaintiff. First, the alleged limitations of daily activities could not be objectively verified with any reasonable degree of certainty. Second, it was difficult to

attribute such a serious degree of limitation to the medical condition reflected in the "relatively weak medical evidence" and other factors discussed in the decision. The ALJ also pointed out that Plaintiff's description of his symptoms and limitations had been inconsistent and unpersuasive. Plaintiff said at the hearing that he could sit for only about 30 minutes and must elevate his feet after that. Yet, Plaintiff sat comfortably for the length of the 41-minute hearing without having to stand or elevate his feet. The ALJ acknowledged that this one-time observation was not conclusive, but the lack of discomfort during the hearing was given some slight weight in assessing credibility. The ALJ also noted the fairly conservative medical treatment and lack of prescribed pain medication. Tr. 13.

The ALJ gave good reasons in this case for her credibility assessment. Reasonable minds might differ, but the reasons were well stated and supported by evidence in the record. Judicial relief is not warranted.

Plaintiff's final argument is similar to the one just discussed. He complains that the RFC found by the ALJ is unsupported because it was based on a faulty underlying credibility finding. For the same reasons discussed above, this issue lacks merit. Also, briefly, there is a letter in the record from Dr. Cox that takes issue with Dr. Dean's evaluation. Dr. Cox apparently mistakenly believed that Dr. Dean found Plaintiff could stand for *six to eight* hours, which Dr. Cox said was virtually impossible due to back problems and "some difficulty sitting," but especially because of his feet. Dr. Cox said Plaintiff would have "significant problems standing for any length of time." Tr. 233. This letter, when compared to the other medical evidence, does not deprive the ultimate decision of substantial evidence.

The ALJ found that Plaintiff could stand or walk for only *two* hours per workday, and then with the aid of a cane. There are credible evidentiary choices in the record that support such a conclusion, so there is substantial evidence for the decision.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision be affirmed and that Plaintiff's complaint be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of August, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE